UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KONOVER CONSTRUCTION                :
CORPORATION,                        :
                                    :       HONORABLE JOSEPH E. IRENAS
          Plaintiff,                :
                                    :       CIVIL ACTION NO. 04-6098 (JEI)
     v.                             :
                                    :       **OPINION**
EAST COAST CONSTRUCTION             :
SERVICES CORPORATION, et al.,       :
                                    :
          Defendants.               :

**APPEARANCES:**

DANIEL & DOCHNEY
By: Lawrence S. Berger, Esq.
701 Route 73 South, Suite 400
Marlton, New Jersey 08053
     Counsel for Plaintiff

KEARNEY & SCHWEITZER, P.C.
By: John P. Cardwell, Esq.
201 White Horse Pike
P.O. Box 279
Haddon Heights, New Jersey 08035
     Counsel for Defendants East Coast Construction Services
     Corporation, Robert Fair and Carletta Smith

**IRENAS,** Senior District Judge:

     This lawsuit arises from disputes related to a construction subcontract between Plaintiff Konover Construction Corporation ("Konover") and Defendant East Coast Construction Services Corporation ("ECC").  Presently before the Court is the Motion for Partial Summary Judgment of Konover.

**I.**

Konover, a general contractor, was awarded a contract for the construction of the Sierra Suites Hotel ("the Project") in Parsippany, New Jersey, by Parsippany Lodging Associates, LP.  On or about March 11, 2003, Konover entered into a subcontract ("the Subcontract") with ECC, in which ECC was to provide all wood frame and rough carpentry for the Project.

ECC began work under the Subcontract in May, 2003.  Problems quickly developed, although the parties dispute who was at fault. Konover maintains that ECC failed to provide adequate manpower for the Project, perform its work in a timely and proficient manner, and pay ECC's subcontractors for supplies and work performed. Konover also contends that ECC misrepresented to Konover that it had paid subcontractors F.M. Ituana and DiNaso & Sons Building Supply when ECC had not done so, including submitting a document with a forged signature from the sales manager of DiNaso & Sons and incorrectly representing that F.M. Ituana was a subsidiary of ECC.  ECC maintains that the problems were due to Konover's failure to pay ECC for the work performed and materials supplied.

ECC either withdrew from or abandoned the Project on February 7, 2004.  Konover sent ECC a final notice of default termination on February 10, 2004.

Konover filed the instant Complaint against ECC, ECC President and owner Robert E. Fair ("Fair") and Carletta A. Smith

("Smith") (collectively "Defendants"), the notary public who notarized the allegedly forged document, on December 13, 2004.[1] In Count I of the Complaint, Konover alleges breach of the Subcontract by ECC.  Counts II and III allege fraudulent and negligent misrepresentation by ECC, Fair and Smith ("the misrepresentation claims").

ECC filed a Counterclaim against Konover on March 2, 2005, alleging that Konover breached the Subcontract (Count I) and seeking indemnification from Konover for claims brought against ECC by ECC's subcontractors on the Project (Count II).

## II.

Under Fed. R. Civ. P. 56(c), a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In deciding a motion for summary judgment, the court must construe the facts and inferences in a light most

---

[1]This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy is more than $75,000.  Konover is a corporation organized under the laws of Connecticut and has its principal place of business in that state.  ECC is a corporation organized under New Jersey law and has its principal place of business in New Jersey.  Fair and Smith are residents of New Jersey.

3

favorable to the non-moving party.  *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

   The role of the court is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The non-moving party may not rest on its pleadings to oppose a summary judgment motion but must affirmatively come forward with admissible evidence establishing a genuine issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).


### III.

   Konover seeks summary judgment granting its prayer for relief on the misrepresentation claims found Counts II and III of the Complaint as they pertain to ECC's alleged misrepresentation that F.M. Ituana was a subsidiary of ECC.[2]  Konover also seeks summary judgment dismissing Count II of the Counterclaim, in which ECC seeks indemnification from Konover for any liability incurred on claims against ECC by its sub-subcontractors, and attorney's fees incurred by it in this case.  ECC has not opposed Konover's request for summary judgment on Count II of the Counterclaim, although it argues that summary judgment should not be granted to

---

[2]Counts II and III also allege that ECC misrepresented that DiNaso had been paid in full by ECC and had executed a lien waiver as requested by Konover.

4

Konover on Counts II and III of the Complaint.

## A.

Konover is entitled to summary judgment on ECC's request for attorney's fees in the Counterclaim.[3]  The Subcontract does not contains a fee-shifting provision applicable to claims brought by ECC under the Subcontract, although it provides that ECC may be liable for attorney's fees incurred by Konover in any proceeding against ECC.  (Subcontract at ¶ 5(b), Pl. Br., Ex. 1)

New Jersey law would not support an award of attorney's fees to ECC should it succeed in its claims against Konover.  New Jersey Civil Practice Rule 4:42-9(a) provides that a court may award counsel fees only in specific instances where such an award is permitted by statute or the Civil Practice Rules, none of which are applicable here.  New Jersey courts have also recognized that this rule does not permit fee-shifting in contract-based cases. *See Kellam Assocs., Inc., v. Angel Prods., LLC*, 357 N.J. Super. 132, 138 (App. Div. 2003).  Absent the inclusion of a fee-shifting arrangement in a contract, the general rule requiring each party to pay its own counsel fees applies in a contract dispute.  *Id.* There is thus no basis in the Subcontract, the procedural rules or common law for an award of attorney's fees to ECC.

---

[3]ECC's Counterclaim includes a request for attorney's fees in Counts I (breach of contract) and II (indemnification), as well as in the Statement of Facts.

**B.**

Konover is also entitled to summary judgment on Count II of the Counterclaim, in which ECC seeks indemnification from Konover for any claims brought against ECC by ECC's subcontractors.  The Subcontract does not include a provision obligating Konover to indemnify ECC for claims related to the Subcontract, although it contains a section outlining ECC's obligation to indemnify Konover.  (Subcontract at ¶ 6, Pl. Br., Ex. 1)

Moreover, there is no other basis for this Court to hold that Konover is obligated to indemnify ECC.  The common law recognizes that one tortfeasor may be entitled to indemnification from another where the party's "negligence 'is not morally culpable but is merely constructive, technical, imputed or vicarious.'" *Adler's Quality Baking, Inc., v. Gaseteria, Inc.*, 32 N.J. 55, 80 (1960)(citation omitted).  Here, however, ECC's liability appears to stem from contract-based claims brought by its own subcontractors and suppliers.  (See Counterclaim, ¶¶ 16-20) Should these claims be successful, ECC's remedy against Konover would lie in a claim for breach of contract and not indemnification.


**C.**

The Court will deny Konover's request for partial summary judgment on liability as to the portions of Counts II and III of the Complaint that relate to any misrepresentations made regarding

F.M. Ituana.  Based upon the present state of the record, it is not possible to determine whether the damages alleged by Konover were the result of ECC's alleged breach of contract or misrepresentations.

Both negligent and fraudulent misrepresentation require a plaintiff to demonstrate that it sustained an injury that was caused by the defendant's misrepresentation as an element of the claims.  To establish a claim for negligent misrepresentation, a plaintiff must show "'[a]n incorrect statement, negligently made and justifiably relied on,' which results in economic loss." *McClellan v. Feit*, 376 N.J. Super. 305, 313 (App. Div. 2005)(citation omitted).  The elements of a claim for fraudulent misrepresentation are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997).

Konover incorrectly argues that it is unnecessary for it to establish damages at this time because it is moving for summary judgment as to liability only.  (Pl. Reply Br. at 7, n.15) However, the requirement of proving injury or damages caused by the misrepresentation is an element of each claim and must be demonstrated in order to establish the liability of the defendant.

7

Konover has offered no proof of damages stemming from ECC's alleged misrepresentation.  Additionally, the record does not contain sufficient evidence to enable this Court to determine whether the damages alleged in the Complaint resulted from the alleged breach of contract or misrepresentations by ECC.  Konover is thus not "entitled to a judgment as a matter of law" on the misrepresentation claims as they relate to ECC's statements regarding the status of F.M. Ituana.  Fed. R. Civ. P. 56(c).

**IV.**

For the reasons set forth above, the Court will grant in part and deny in part the Motion of Plaintiff Konover Construction Corporation for Partial Summary Judgment.  The Court will enter an appropriate order.

Date: March  20th , 2006

s/*Joseph E. Irenas*
JOSEPH E. IRENAS
Senior United States District Judge

8